IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, #105591, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1053-MEF |
| | ) [WO] |
| | ) |
| ERIC C. LANEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 6, 2005, Jimmy Frank Cameron ["Cameron"], a state inmate, filed a 42 U.S.C. § 1983 action in which he challenged actions taken against him at the Ventress Correctional Facility. At the time he filed this complaint, Cameron did not pay the $250.00 filing fee nor did he submit an affidavit in support of a motion for leave to proceed *in forma pauperis*. Thus, the court did not have the information necessary to determine whether Cameron should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Cameron provide the court with such information. *See Order of November 2, 2005 - Court Doc. No. 6* at 1-2. This order specifically cautioned Cameron that his failure to comply with the order would result in a recommendation that this case be dismissed. *Id*. at 2. Cameron failed to respond to the aforementioned order.[1]

---

[1] The plaintiff initiated this cause of action in the United States District Court for the Northern District of Alabama by filing a motion for temporary restraining order which the court construed as a complaint filed under 42 U.S.C. § 1983. Based on the claims presented by the plaintiff in this pleading, the Northern District transferred the case to this court for disposition. In response to actions taken by such other court, the plaintiff

On December 6, 2005, the court entered an order that Cameron show cause for his failure to file a response to the order entered on November 2, 2005. The court cautioned Cameron "that if he fails to file a response to this order the undersigned will reccoment that this case be dismissed." *Id.* Cameron has filed nothing in response to this order.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Cameron's failure to comply with the orders of this court. It is further

ORDERED that on or before January 22, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

---

advised that he has a case pending in this court addressing the instant claims for relief. *See Cameron v. Campbell, et al.*, 2:05-CV-920-MEF. Dismissal of this case will not in any way effect the complaint pending in *Cameron v. Campbell, et al.*, *supra*.

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE, this 9th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE